## 32505. LEAKEY *v.* GEORGIA REAL ESTATE COMMISSION.

DECIDED OCTOBER 28, 1949.

*John Kirby,* for plaintiff in error.

*Eugene Cook, Attorney-General, R. L. Addleton, Assistant Attorney-General,* contra.

MacIntyre, P. J. "The right to make a living is among the greatest of human rights, and, when lawfully pursued cannot be denied." *Schlesinger* v. *Atlanta,* 161 *Ga.* 148, 159 (129 S. E. 861). Where the State confers a license to engage in a profession, trade, or occupation, not inherently inimical to the public welfare, such license becomes a valuable right which cannot be denied or abridged except after due notice and a fair and impartial hearing before an unbiased tribunal. Gilchrist *v.* Bierring, 234 Iowa 899 (14 N. W. 2d, 724). Where a real-estate broker has once obtained an annual license, he is, under Code § 84-1411, entitled to have the license renewed from year to year upon payment of the license fee, provided he has not violated any of the provisions of the statute applicable to his profession, and this right of renewal may not arbitrarily be denied. *City Council of Augusta* v. *Sanders,* 164 *Ga.* 235 (138 S. E. 234). In revoking the plaintiff's license the Real Estate Commission adjudged that in the transaction under investigation the plaintiff broker had demonstrated "unworthiness and incompetency to act as a real-estate broker." Under Code § 84-1421, the decision of the Commission shall become effective immediately upon its rendition unless an appeal is filed and a stay of execution is granted by the superior court. From this judgment the plaintiff is given, under Code § 84-1421, a right of appeal. He did appeal, and was given a stay of execution, but was met with a motion to dismiss his appeal on the ground that the question of the validity of the revocation of the 1948 license had become moot since it had expired on December 31 of that year. The action of the superior court in dismissing the petition necessarily affirmed the decision of the Real Estate Commission, leaving it to stand as though no appeal had been entered. Had the plaintiff failed to appeal, would not his failure to do so have been construed as a confession of his guilt? Could the Real Estate Commission there-

after, in the proper performance of its duties, have issued a license to, or renewed the license of, a confessed unworthy and incompetent applicant? The Commission would unerringly point to its judgment, unreversed, as sufficient ground for the refusal of the applicant's every application for license thereafter. Much more than the question of the validity of the revocation of the 1948 license is presented by the petition to the superior court. Inextricably bound up in it is the question of the right of the plaintiff to pursue his profession at all unless the judgment of the Commission is reversed. His right to earn a living is not to be denied him without his day in court. The law provides for a de novo investigation in the superior court of the charges against him. He has not had that day. Yet, as long as the judgment revoking his license stands, he may not pursue his profession. Suppose he had not appealed when his license was revoked, and upon the Commission's refusal to grant him another license, which of necessity it would be forced to do, and he appealed the question of the refusal to issue the license, would not the court say to him: "You did not pursue your remedy of appeal when the license was revoked. You were given your opportunity for your day in court. You did not choose to pursue it. You may not now complain, and the Commission does not err in refusing a license to an unworthy and incompetent applicant. You could have tested the validity of the judgment. You did not. The judgment stands a monument to your unworthiness and incompetency." Are we then to refuse him the right to test the correctness of the Commission's judgment against him and permit the Commission to use that judgment as justification for refusing any application he may submit to it in the future? We think not. The difference between an expired license and a revoked license is too obvious to warrant discussion—the one innocuous, the other stigmatic.

The contention of the defendant in error, as we construe it, is that the only question and subject-matter of the case having become moot by the actual expiration of the license, the mere fact that the plaintiff in error might derive some future benefit on a favorable adjudication on the abstract question would not authorize the court to retain and decide the case. *Wise* v. *Sims,* 182 *Ga.* 857 (187 S. E. 102) ; *Abernathy* v. *Dorsey,* 189 *Ga.* 72

(5 S. E. 2d, 39). There was no supersedeas granted in either of these cases. In the instant case there was a supersedeas granted on December 30, 1948, on the hearing to decide the case on March 22, 1949. The argument of the plaintiff in error is in effect that the license of the plaintiff in error, which was revoked on December 16, 1948, by the order or judgment of the Real Estate Commission, and on which the appeal was had and the stay of execution granted the same day by the judge of the superior court until a hearing could be had in the said court on March 22, 1949, was nevertheless extinguished because the yearly license had expired on December 31, 1948, prior to the expiration of the stay of execution. The instant case is not one where the real-estate agent might merely derive a future benefit from a favorable adjudication on the abstract question, but in this case at the time it was dismissed in the superior court, and now in this court if decided in the real-estate agent's favor, a great question is presented whether the plaintiff in error was deprived of his valuable right to do business as a real-estate agent, not only in the year 1948, but to have his license renewed thereafter upon complying with the regulations in such cases. The mere failure to renew annually his license does not lessen the value of the license except for a lapsed period before renewal. State v. Otterholt, 234 Iowa 1286 (15 N. W. 2d, 529). The cause of action to revoke the license under the circumstances here does not cease to exist so long as there remain valuable rights or privileges undetermined and all matters involved in the action have not been adjudicated. State v. Otterholt, supra, headnote 8. The revocation of the license which caused the controversy between the parties as to the real-estate agent's valuable right to do business has not ceased to exist, and there is a subject-matter upon which the superior court and this court could operate. The valuable right to do business as a real-estate agent, of which the plaintiff was deprived by the revocation of his license for the year 1948 on the ground that he was "unworthy and incompetent" to act as such agent, involved a valuable right of renewal thereafter which could be restored to him in case of refusal.

The court erred in holding that the question presented by the petition was moot and in dismissing the action.

*Judgment reversed. Gardner and Townsend, JJ., concur.*