## COOK *v.* HARRIS *et al.*

HAWKINS, Justice. The exception here is to a judgment sustaining a general demurrer to the plaintiff's petition, which sought to enjoin the City of Manchester from revoking a business license issued by it to the plaintiff, and from interfering with him in the operation of his cafe, candy and soft drink shop under the license, and to declare void

an ordinance of the City of Manchester purporting to confer upon it the power to revoke such license. The petition, which was filed on May 2, 1952, alleged that the license was revoked on April 21, 1952, but nowhere alleged that any further steps had been taken by the city, or by any of its officers, agents, or employees, to enforce the revocation thereof, or to interfere with the plaintiff in the operation of his business, but alleged only an apprehension on the part of the plaintiff that they would do so. *Held:*

It appearing from the plaintiff's petition and the exhibit attached thereto that the business license here involved expired by its own terms on September 30, 1952, before the call of the case for hearing in its order in the Supreme Court, this case has become moot, and the writ of error must, for that reason, be dismissed. *Cravey* v. *Bankers Life & Casualty Co.,* 209 *Ga.* 273 (71 S. E. 2d, 659); *Kellam* v. *Guthman Laundry & Dry Cleaning Co.,* 147 *Ga.* 133 (92 S. E. 872); *Johnson* v. *Quigg,* 164 *Ga.* 391 (138 S. E. 774).

*Writ of error dismissed. All the Justices concur.*

No. 18005. ARGUED OCTOBER 15, 1952—DECIDED NOVEMBER 13, 1952.

*Kennedy & Bulloch,* for plaintiff in error.

*G. C. Thompson,* contra.