26490. BONNER et al. v. MADDOX et al.

ARGUED APRIL 13, 1971—DECIDED MAY 6, 1971.

*Joseph H. Briley,* for appellants.

*W. W. Walker,* for appellees.

MOBLEY, Presiding Justice. This appeal is from a judgment dismissing the complaint of Henry H. Bonner and L. K. McKinney against the Board of Commissioners of Roads and Revenues of Putnam County, for failure to state a claim on which relief can be granted.

The appellants alleged that they were partners operating a retail business in an unincorporated area of Putnam County, and they sought mandamus requiring the appellees to issue them a retail license to sell malt beverages and wine, and other relief.

■ The appellees have filed a motion to dismiss the appeal on the ground that the issues involved have become moot. The complaint shows that three applications for license were filed by the appellants in 1970. The judgment dismissing the complaint was entered on January 25, 1971. At that time the issue as to the grant of the 1970 license was moot. *Cravey v. Bankers Life &c. Co.,* 209 Ga. 273 (71 SE2d 659); *Stover v. City Council of Fairburn,* 220 Ga. 670 (141 SE2d 399).

The motion to dismiss the appeal cannot be granted, however, since a decision is necessary on the question of whether the complaint stated a claim for relief on the other matters alleged.

■ In a previous mandamus proceeding between the parties, the trial judge ordered the appellees, within 30 days, to establish reasonable uniform rules and regulations governing the issuance of retail malt beverages and wine licenses in the unincorporated area of the county, and to allow the appellants to reapply for the issuance of a license.

The complaint alleged that the appellees passed a resolution on November 17, 1970, establishing the terms and provisions for the issuance of wholesale and retail licenses for the sale of malt beverages and wine, to become effective on January 1, 1971. The sec-

tion of these regulations providing the qualifications of a retail licensee requires that a licensee must have been a resident of the county for a period of not less than a year next preceding the date of filing application, and this requirement applies to each member of a partnership.

The complaint asserted that these regulations did not comply with the order in the former mandamus case because it was the intention of the judge that the rules established should become effective within 30 days of the order; and the residence qualification was included with the intention of disqualifying the appellants, since one of them is a nonresident of the county, and this fact was well known to the appellees.

The complaint further alleged that the residence requirement for partnerships tends to unreasonably restrict the right to engage in a lawful business; that it is arbitrary, and denies to the appellants the rights guaranteed to them under the Fifth and Fourteenth Amendments of the United States Constitution. It was also alleged that the rules and regulations are discriminatory because they allow residents of the county to obtain licenses, but deny such right to a partnership having a nonresident member, and because no residence requirement is provided for wholesale dealers.

It is contended by the appellants that the appellees have not complied with the former order in good faith in that they have deliberately sought to avoid the result intended by that order, and that their failure to comply with the order as intended by the court constitutes contempt.

The regulation of the sale of alcoholic beverages is under the police power of the county, and the courts will not interfere with county authorities in the adoption of reasonable rules and regulations governing the licensing of persons to operate such a business. *McKown v. City of Atlanta,* 184 Ga. 221 (190 SE 571); *Phillips v. Head,* 188 Ga. 511 (4 SE2d 240). It is not an unreasonable exercise of the police power to require that a licensee, whether as an individual or as a member of a partnership, must have been a resident of the county for one year preceding the application for license. There is a reasonable basis for distinction between wholesale and retail dealers, and the residence require-

ment as to retail dealers is not unfairly discriminatory because it does not apply to wholesale dealers. Where a regulation is reasonable, the courts cannot inquire into the motives of the commissioners in enacting it.

The trial judge did not err in finding that the complaint did not state a claim to strike the residence qualification from the regulations; nor was it error to find that no claim was stated to hold the appellees in contempt for failure to obey the order in the former mandamus proceeding.

■ The appellants assert that the appellees should be required to issue them a license for 1971. They admit by their pleadings that they are not eligible for license under the regulations promulgated by the appellees. There is no merit in their contention that they are entitled to a license for 1971.

■ The complaint did not state a claim upon which relief could be granted, and the trial judge did not err in sustaining the motion to dismiss the complaint.

*Judgment affirmed. All the Justices concur.*