## 48309. EXLEY v. BLACKMON.

EBERHARDT, Presiding Judge. This is a cross appeal to Case No. 48308. On August 22, 1972, the Revenue Commissioner "suspended" appellant's retail liquor license and consumption on the premises license, and the order was appealed to the Superior Court under Code Ann. § 92-8446. After January 1, 1973, appellant moved for summary judgment on the grounds, inter alia, that the case was moot since the 1972 license year had expired. The trial court denied the motion insofar as it was based upon the ground of mootness, but otherwise ruled that the

commissioner lacked statutory authority to require a consumption on the premises license. Since we affirm the latter ruling in Case No. 48308, it is only necessary here to consider the issue of mootness with regard to the retail liquor license. *Held:*

We reverse. Had the commissioner *revoked* or *canceled* the license for a wilful violation of statutory provisions or administrative regulations, the revocation or cancellation would carry an automatic two-year penalty as provided for by Code Ann. § 58-1022 (k) and the case would not have become moot at the expiration of the license year. Here, however, the commissioner, in the exercise of his discretion, ruled ". . . that, effective thirty (30) days from the date of this order: 1. Retail liquor license number 2949 is hereby *suspended.*" (Emphasis supplied.) Since the two-year penalty does not apply, and since the license is an annual license (Code Ann. §§ 58-1030, 58-1032, 58-1038; Rules of Department of Revenue 560-2-6-.01 (2)), the period of time during which the license would be effective expired and the case thereupon became moot. *Stover v. City Council of Fairburn,* 220 Ga. 670 (141 SE2d 399); *Bonner v. Maddox,* 227 Ga. 598 (1) (182 SE2d 122).

*Judgment reversed. Pannell, J., concurs. Stolz, J., concurs specially.*
ARGUED JUNE 1, 1973 — DECIDED SEPTEMBER 10, 1973.

*Robert L. Mitchell, Falligant, Doremus & Karsman, Stanley Karsman,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Timothy J. Sweeney, Assistant Attorneys General,* for appellee.

STOLZ, Judge, concurring specially. I concur with the opinion of the majority except that portion commenting on the affirmance of the trial court in case No. 48308, to which I have dissented.