40161, 40162. CALDWELL v. BATEMAN et al. (two cases).

GREGORY, Justice.

The Commissioner of Labor of the State of Georgia, filed a complaint in Bibb Superior Court. He named the five members of the State Campaign and Financial Disclosure Commission as defendants. He alleged in a number of particulars that the defendants had acted in excess of their statutory authority during an investigation of his election campaign, and that the Act creating the Commission was unconstitutional in part. He sought injunctive and declaratory relief as well as attorney fees. The trial court found for the plaintiff on some of the particulars and for defendants on others. The trial court's judgment enjoined the defendants from further investigation, beyond an additional period of 45 days, unless probable cause was found and written charges brought. After judgment in the trial court, the Commission issued a report of its findings. The Labor Commissioner appeals from the judgment of the trial court and from a later order of the trial court refusing to allow an amendment to the complaint which undertook an attack upon the report of the Commission. We affirm in part, reverse in part and

remand with instructions.

All the issues raised on this appeal relate to the Campaign and Financial Disclosure Act. Ga. Laws 1974, p. 155 et. seq., as amended; OCGA § 21-5-1 et seq. (Code Ann. § 40-3801 et seq.). The Act requires candidates for public office to make public disclosure of financial activities relating to the campaign. It creates the State Campaign and Financial Disclosure Commission and gives it certain authority and duties. We must determine if the Commission in this case has exceeded its authority and duties; whether appellant's First Amendment rights of political association have been violated; whether the Act's provision for appointment of two of the Commission members by officers of the legislature violates the constitutional requirement of separation of power; whether the trial court erred in not considering the attack upon the Commission Report; and whether attorney fees should have been awarded. Further, we must initially consider whether certain of the issues have become moot.

There was little dispute of fact in the trial court. The record and transcript disclose that appellant was a candidate for nomination in the statewide Democratic Primary in 1982 for election to succeed himself as Commissioner of Labor. He was elected. During parts of 1982 and 1983 the Commission conducted an investigation, issued subpoenaes, examined records, and held public hearings regarding appellant's campaign contributions, expenses and activities. The investigation included inquiry into allegations that state employees of the Department of Labor contributed personal services to the campaign at the same time they were compensated by the State. Also investigated were allegations that campaign contributions had been coerced.[1] Alleged discrepancies in campaign financing disclosure reports were investigated. The investigation and other activities were undertaken without the support of a written, verified complaint and without a finding of probable cause. There was considerable public and news media interest in the activities of and information given out by the Commission. On June 20, 1983, after the trial court's judgment dated May 13, the Commission issued a critical detailed report finding that appellant violated the Campaign and Financial Disclosure Act. The report was referred to the Attorney General.

1. The Commission members argue that all conduct complained of ceased upon the filing of the June report, hence all issues relating thereto are now moot. They rely on the rule "that if the thing sought

---

[1] The trial court held the Commission lacked authority to investigate coercion of contributions. The parties have not challenged that holding.

to be enjoined in fact takes place, the grant or denial of the injunction becomes moot." *Adams v. Smith,* 240 Ga. 436, 437 (241 SE2d 1) (1978). We decline to apply the *Adams* rule to the facts in this case. Instead, we hold these issues to be capable of repetition yet evading review, and therefore not subject to the doctrine of mootness. *Poythress v. Moses,* 250 Ga. 452 (1) (298 SE2d 480) (1983). The appeal of these issues might never reach this court in any case simply because the Commission elects to terminate its investigation before an appeal is taken. The construction of this Act and a resolution of the constitutional issues raised will give guidance in any future challenges by candidates subject to the authority of the Commission.

2. Part of the investigation of the Commission was directed to allegations that employees of the Department of Labor rendered services to appellant's campaign on state time. Appellant contends this is beyond the authority and duties granted in the Act. OCGA § 21-5-11 (f) (8) (Code Ann. § 40-3809) places the duty on the Commission to determine whether the statements and reports conform to the requirements of the Act. The filing of a Campaign Financial Disclosure Report listing contributions and expenditures is a requirement. OCGA § 21-5-5 (Code Ann. § 40-3806). The Act clearly exempts from the definition of the word "contribution," "the value of personal services performed by persons who serve without compensation from any sources and on a voluntary basis." OCGA § 21-5-3 (4) (Code Ann. § 40-3803). The Commission contends state employees rendered personal services with compensation, that compensation being furnished by the State. Therefore, the Commission reasons, this is a matter within its duty and authority.

The Act should basically be viewed as one requiring public disclosure of financial matters related to election campaigns. Both the title, OCGA § 21-5-1 (Code Ann. § 40-3801), and the content make this plain. It is not a scheme for the general investigation of criminal matters connected with elections, nor for supervision of the conduct of elections.

The legislature chose to require disclosure of any contribution made by "means of gift, subscription, loan, forgiveness of debt, advance or deposit of money or anything of value," but to exclude from the disclosure requirement the value of personal services unless rendered for compensation. OCGA § 21-5-3 (4) (Code Ann. § 40-3803). We interpret the Act to mean that should an employer compensate his employee for personal services rendered by the employee to a candidate, the amount of such compensation would be a contribution from the employer for which disclosure would be required. If an employee should absent himself from his employment in order to render personal services to a candidate there would be no

contribution by the employer. The employee, in such a case, has rendered personal services without compensation for those services. The employee has wrongfully withheld services owed to his employer for which he may be held accountable, but not under the Campaign and Financial Disclosure Act.

The same rationale applies when one who contributes personal services is an employee of the State. It cannot be said that the State has made a contribution to the candidate. The employee has simply rendered personal services to the candidate without compensation by wrongfully withholding services owed the State. There are remedies[2] for such activities but they lie outside the scope of the Campaign and Financial Disclosure Act. The trial court erred in holding that the statute vests authority in the Commission to investigate allegations of state employees campaigning on state time.

3. Appellant complained that the Commission proceeded with its investigation without affording him the due process requirements provided for in the Act. The trial court agreed but declined to enter an immediate injunction. Instead, the trial court allowed an additional 45 days for the Commission to complete its investigation and then to cease or bring formal charges and afford due process. We hold the trial court erred in failing to grant an immediate injunction.

The record discloses that the Commission subpoenaed witnesses, held public hearings at which witnesses were interrogated, and ultimately issued a report, but all the while refused to allow a request by the Commissioner to participate in the public hearings by cross-examining witnesses, making objections and presenting evidence.

The Act provides the Commission shall not initiate any investigation unless (1) based upon a written verified complaint or, (2) based upon a finding of probable cause by the Commission. OCGA § 21-5-12 (Code Ann. § 40-3810). Neither requirement was met in this case. The Act provides for the Commission to make a *preliminary* investigation of a written complaint and thereafter either dismiss the complaint or summon the alleged violator to a hearing. OCGA § 21-5-11 (f) (10) (Code Ann. § 40-3809). The hearing is to be conducted according to the Georgia Administrative Procedure Act. OCGA Chapter 50-13 (Code Ann. § 3A-101 et seq.). The latter Act requires one holding a hearing to afford notice, right to counsel, right to present evidence, power of subpoena, and other elements of due process with an opportunity for final judicial review. The procedures

---

[2] State Personnel Board Rules and Regulations Section 3.500. See also, OCGA § 50-19-8 (Code Ann. § 40-2006); OCGA § 45-11-10 (Code Ann. § 89-972); 18 USC § 595.

in this case went far beyond a "preliminary investigation." Before any public hearing of the sort held here may proceed, due process must be given the alleged violator. It was error to allow the Commission to continue its investigation for an additional 45 days and to issue its report without first affording the rights of due process.

4. Appellant points to the conduct of hearings, particularly a hearing conducted March 31, 1983, as violating his rights under the First Amendment to be free in his political associations. Buckley v. Valeo, 424 U. S. 1 (96 SC 612, 46 LE2d 659) (1976). He contends the atmosphere at the March 31 hearing was so disorderly as to violate due process. Estes v. Texas, 381 U. S. 532 (85 SC 1628, 14 LE2d 543) (1965), and that the resulting embarrassment and harassment of witnesses who were his political supporters chilled their desire to give further political support and thereby denied his own right of free political association.

The trial court found the March 31 hearing to represent an isolated instance, and not likely to recur because of the defendants' present understanding of their duty to require orderly hearings. Based on these findings no injunction issued. We find no error.

5. The Act provides for five Commission members, one of whom is appointed by the Speaker of the House of Representatives and another by the Lieutenant Governor.[3] OCGA § 21-5-11 (b) (Code Ann. § 40-3809). Appellant contends that the Act violates the constitutional doctrine of separation of powers in permitting these members of the legislative branch to appoint members of a Commission, which is a creature of the executive branch. "The legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others, except as herein provided." Constitution of 1976, Art. I, Sec. II, Par. IV (Code Ann. § 2-204).

Appellant cites *Murphy v. State of Ga.,* 233 Ga. 681 (212 SE2d 839) (1975); *Greer v. State of Ga.,* 233 Ga. 667 (212 SE2d 836) (1975); and, *Fuller v. State of Ga.,* 232 Ga. 581 (208 SE2d 85) (1974). In each of these cases the same persons served both in the legislature and on an executive board or authority. Here there is no dual service. The plain words of the Constitution prohibit a person from simultaneously discharging the duties and functions of more than one branch. However, we hold that the mere appointment by a member of the legislative branch, of a non-legislator to an executive commission is

---

[3] The Commissioner points out that the Lieutenant Governor serves as President of the Senate, hence is a member of the legislative branch.

not a simultaneous discharge of duties and functions against which our constitutional doctrine of separation of powers is directed.

6. Subsequent to filing his notice of appeal to the judgment of the trial court, appellant moved to amend his complaint to raise an attack against the report of the Commission rendered during the 45-day extension of the investigation permitted by the lower court's order. He also sought to add a party defendant. The trial court declined to consider the motion on its merits, holding that it lacked jurisdiction because of the pending appeal. We remand for a consideration of the motion in light of this opinion. On remand the trial court shall take further consideration of the prayer for attorney fees in view of our holding, and in light of the result reached after remand and resolution of the aforesaid motion.

*Judgment affirmed in part, reversed in part and remanded for further consideration. All the Justices concur, except Hill, C. J., and Bell, J., who dissent.*

DECIDED FEBRUARY 17, 1984.

*Erion, Exum, Mathis & Wootan, Charles T. Erion,* for appellant.
*Michael J. Bowers, Attorney General, George P. Schingler, Assistant Attorney General,* for appellees.

HILL, Chief Justice, dissenting.

I dissent to Division 2. In my view, the exception from "contributions" under the act for "the value of personal services performed by persons who serve *without compensation from any sources* and on a voluntary basis" (emphasis supplied) does not include time taken from one's regular job *for which one is paid.* The value of these services, for which the employee is being compensated, is a "contribution" by the employee, if not the employer.

I also dissent to Division 6, insofar as it appears to sanction an amendment to the appellant's complaint after the trial court has finally disposed of the case.