REQUESTED BY: Senator Lavon Crosby, Nebraska State Legislature
You have requested our opinion on the following question:
When the Legislature creates commissions, boards, and other similar committees to be housed in the Executive branch of state government, is it a violation of the State Constitution for a member of the legislature to serve on that commission or board?
You then specifically reference Article II, Section 1 of the Nebraska Constitution dealing with the distribution of governmental powers. For the reasons discussed below, we believe that such service by a member of the Legislature does violate our State Constitution.
Before we discuss the question posed in your Opinion request, we must point out that your request letter does not reference any specific bill or legislation which is the subject of your concern. Therefore, our response to your question must necessarily be general rather than directed at any particular proposed legislation. We must also point out that, for reasons stated in our Opinion No. 157 to Senator Beutler dated December 20, 1985, we cannot provide Opinions to the Legislature on existing statutes. Consequently, this Opinion cannot be considered as directed at any statute currently in force.
We have issued previous Opinions on the question presented in your letter. For example, in our Opinion of the Attorney General No. 6, dated April 23, 1985, we considered the propriety of service by the Chair of the Legislature's Revenue Committee on a proposed Agricultural Land Valuation Advisory Board, a Board otherwise to be made up of appointees designated by the Governor. The duties of the Board included review of an agricultural land valuation manual developed by the Department of Revenue and formulation of recommendations to the Tax Commissioner for changes in the manual. We concluded that such service by the Chair of the Revenue Committee was unconstitutional as a violation of Article II, Section 1 of the Nebraska Constitution which deals with separation of powers. We also pointed out that such service on the Board by a member of the Legislature raised constitutional questions under Article IV, Section 10 of the Nebraska Constitution which deals with the Governor's appointment power, and Article III, Section 9 of the Nebraska Constitution which forbids persons elected or appointed to the Legislature from receiving civil appointments to a state office while holding membership in that body. See also, Opinion of the Attorney General No. 37, April 4, 1983 (members of the Legislature could not serve along with the Governor and the Tax Commissioner on a State Tax Board which would take the place of the State Board of Equalization); Report of the Attorney General, 1967-1968, No. 86 at 120 (State Senators could not serve as members of the Nebraska Coordinating Council for Higher Education). We have reviewed these earlier Opinions and the authorities cited therein, and we agree with their conclusions.
In addition, while there are no Nebraska cases directly on point, courts from other jurisdictions have examined situations where a legislative body attempted to place its members on various boards or commissions which were essentially administrative or executive in character. A majority of those cases have held that such attempts violate the separation of powers doctrine. Alexander v. State, 441 So.2d 1329
(Miss. 1983); State ex rel. Wallace v. Bone, 286 S.E.2d 79 (N.C. 1982); Greer v. State, 233 Ga. 667, 212 S.E.2d 836 (1975); State ex rel. State Building Commission of West Virginia v. Bailey, 151 W. Va. 79,150 S.E.2d 449 (. 1966); 16 C.J.S. Constitutional Law § 134.
As a result, we believe that members of the Legislature cannot serve on boards or commissions of state government which exercise primarily an executive or administrative function. Such dual service would violate the separation of powers doctrine and also would be suspect under Article III, Section 9 and Article IV, Section 10 of the Nebraska Constitution.
Sincerely,
 DON STENBERG Attorney General