A00A0397. GEORGIA PUBLIC SERVICE COMMISSION et al.
v. ALLTEL GEORGIA COMMUNICATIONS CORPORATION et al.
(536 SE2d 542)

BLACKBURN, Presiding Judge.

The Georgia Public Service Commission (Commission) appeals from the decision of the Superior Court of Fulton County which reversed the Commission's order reducing the rates that ALLTEL Georgia Communications Corporation could charge long distance providers for use of ALLTEL's telecommunications network within Georgia. We reverse for the reasons set forth below.

This case having already appeared before this Court and the Supreme Court of Georgia,[1] we repeat the pertinent facts:

> The appellants (collectively "ALLTEL") are related companies and are "Tier 2" local exchange companies [(see OCGA § 46-5-162 (10) (B))] that provide telephone service in mostly rural areas of the state. In 1993 ALLTEL and the Public Service Commission, exercising its regulatory authority, agreed upon a five-year "Regulatory Plan." Under the Regulatory Plan, the PSC permitted ALLTEL to retain any excessive earnings in exchange for making significant capital

---

[1] *ALLTEL Ga. Communications Corp. v. Ga. Pub. Svc. Comm.*, 270 Ga. 105 (505 SE2d 218) (1998), affirming *Ga. Pub. Svc. Comm. v. ALLTEL Ga. Communications Corp.*, 227 Ga. App. 382 (489 SE2d 350) (1997).

improvements. The Plan called for periodic earnings reviews and, if ALLTEL's rates of return exceeded an allowed return, required ALLTEL to accelerate its capital expenditures. The rationale for this plan was the PSC's determination that requiring upgraded service was a more appropriate use of ALLTEL's overcharges than a rate reduction because the area over which ALLTEL has a monopoly suffered from such poor service. In 1995, the Georgia legislature enacted the Georgia Telecommunications and Competition Development Act, [OCGA § 46-5-160 et seq.,] which created a new regulatory model for telecommunications services reflecting the transition to market-based competition. [OCGA § 46-5-161 (a) (1).] The Act allows companies to elect market-based alternative forms of regulation. [OCGA § 46-5-161 (a) (2), (3), (b) (1), (5).] On June 14, 1996, before the conclusion of the agreed-upon Plan, ALLTEL filed a notice that it was electing alternative regulation and specified July 15, 1996, as the date alternative regulation would become effective. On June 21, 1996, the PSC issued a rule nisi directing an immediate review of ALLTEL's earnings and rates. Following a hearing, the PSC determined that ALLTEL's return on equity earnings exceeded that authorized and ordered ALLTEL to apply its over-earnings to reduce its intrastate access rates.

*ALLTEL Ga. Communications Corp. v. Ga. Pub. Svc. Comm.*, 270 Ga. 105, 106 (505 SE2d 218) (1998).

Thereafter, ALLTEL sought judicial review of the Commission's decision. Fulton Superior Court reversed the Commission's decision finding that the Commission lacked jurisdiction to conduct the rule nisi. This Court reversed the decision of the superior court, holding that:

during the transition period occurring between the date of an incumbent LEC's [(local exchange company)] election of alternative regulation and the date alternative regulation becomes effective, the [Commission] retains its authority to adjust the existing rates of incumbent LECs so that such rates remain reasonable and just.

*Ga. Pub. Svc. Comm. v. ALLTEL Ga. Communications Corp.*, 227 Ga. App. 382, 385 (489 SE2d 350) (1997). The Supreme Court affirmed the decision of this Court. 270 Ga. 105.

Upon remand, the superior court once again reversed the order of the Commission. On appeal, the Commission enumerates as error

the superior court's finding that: (1) ALLTEL was denied due process; (2) the Commission shifted the burden of proof to ALLTEL; (3) the Commission did not carry its burden of proving that ALLTEL's existing rates were unjust and unreasonable; and (4) that the Commission order violated OCGA §§ 46-2-25 (d) and 46-5-166 (f) (2). The Commission also contends the superior court erred by ordering that the proceedings against ALLTEL be dismissed, rather than ordering the Commission to correct the alleged errors.

Under the Administrative Procedure Act (APA), "the Commission is the finder of fact and weighs the credibility of the evidence." *Ga. Pub. Svc. Comm. v. Southern Bell*, 254 Ga. 244, 246 (327 SE2d 726) (1985). In reviewing the decision of the Commission, the superior court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." OCGA § 50-13-19 (h). However,

> [t]he court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

OCGA § 50-13-19 (h). "Upon further discretionary appeal to this Court, our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the [Commission]." (Punctuation omitted.) *Sawyer v. Reheis*, 213 Ga. App. 727, 729 (1) (445 SE2d 837) (1994).

1. In several enumerations of error the Commission correctly argues that ALLTEL was given reasonable notice and an opportunity to be heard. The superior court erred by reversing the Commission order on due process grounds, so we reverse the superior court.

> The constitutionally-guaranteed right to due process of law is, at its core, the right of notice and the opportunity to be heard. *Nix v. Long Mountain Resources*, 262 Ga. 506 (3) (422 SE2d 195) (1992). Neither the federal nor the state constitution's due process right guarantees a particular form or method of procedure, but is satisfied if a party "has reasonable notice and opportunity to be heard, and to present (its) claim or defense, due regard being had to the nature of the

proceeding and the character of the rights which may be affected by it."

*Cobb County School Dist. v. Barker*, 271 Ga. 35, 37 (2) (518 SE2d 126) (1999).

(a) Although the superior court found that the rule nisi failed to give ALLTEL adequate notice, we disagree. The rule nisi gave reasonable notice, sufficient for ALLTEL to prepare its defense. ALLTEL was notified that the hearing would address its return on equity and that its rates might be adjusted.

Under the APA, a notice must state the issues involved. OCGA § 50-13-13 (a) (2) (D). The rule nisi identified the issue to be considered at the hearing:

> You are hereby notified that [the Commission] will hold a hearing . . . for the purpose of conducting an earnings review of [ALLTEL]. The scope of the earnings review shall be limited to hearing evidence regarding any appropriate change in the authorized return on equity of the ALLTEL Companies, and any rate adjustments that may be necessary in order to reflect such a change in the authorized return on equity. . . . This earnings investigation shall focus on and be limited to a determination of the level of earnings that should be authorized for the ALLTEL Companies, based upon the appropriate return on equity. . . . In the event that the return on equity should be adjusted, then this investigation shall at the same time determine any rate changes that should be made in order to reflect such a change in the earnings.

The rule nisi further identified as the "Matters Asserted and Issues Involved":

> (1) What is the appropriate return on equity that should be adopted at this time, for the authorized earnings level for [ALLTEL]? It is asserted that [ALLTEL's] earnings level may need to be adjusted to reflect a current, appropriate authorized return on equity. (2) What rate adjustments, if any, should be made in order to reflect the authorized earnings level for [ALLTEL], given the appropriate return on equity? It is asserted that [ALLTEL's] rates may need to be adjusted to reflect a current, appropriate authorized return on equity.

Thus, the rule nisi expressly and repeatedly advised ALLTEL that the Commission intended to investigate ALLTEL's authorized return

on equity and, if needed, to adjust its rates prior to its election of alternative regulation.

ALLTEL argues erroneously that this notice was insufficient because it did not include a detailed statement of facts and analyses showing that the company was earning an excessive return, a procedure which ALLTEL asserts is typically done. However, due process does not guarantee a particular procedure. *Cobb County School Dist.*, supra. The rule nisi provided reasonable notice.

Furthermore, the notice is eminently reasonable when viewed in the circumstances of the Regulatory Plan, which "was designed to allow the ALLTEL Companies' high rates to remain in effect for the fixed five-year time period to provide them with the capital necessary to meet their upgrade commitments." 227 Ga. App. at 386 (2). ALLTEL was still operating under the Regulatory Agreement when it notified the Commission on June 14, 1996, of its election of alternative regulation effective 30 days later, the shortest period allowed by OCGA § 46-5-165. Under that statute, upon the effective date of the election, "a company's rates are deemed 'just and reasonable' and not subject to traditional PSC regulatory authority." 270 Ga. at 106; OCGA § 46-5-165 (d). A company must give at least 30 days notice to the Commission of its election of alternative regulation to provide the Commission the opportunity to review the company's rates and to take action if the rates are not reasonable. 270 Ga. at 107-108; OCGA § 46-5-165 (c). In this case, the Commission, availing itself of the 30-day window before ALLTEL's rates were locked in, issued the rule nisi on June 18 and held the hearing on July 9 and 10.

Thus, at the time of the notice, ALLTEL and the Commission knew that under the Plan, ALLTEL had been permitted a higher return and that its election of alternative regulation would lock in its rates if the Commission took no action. OCGA § 46-5-165. Given this context and the rule nisi, ALLTEL had reasonable notice of the Commission's intent to investigate ALLTEL's authorized return on equity and to adjust its rates prior to its election of alternative regulation. *Cobb County School Dist.*, supra.

(b) The superior court erroneously found that the Commission's hearing procedure effectively denied ALLTEL the opportunity to be heard. The superior court based its finding upon the requirement that both parties simultaneously pre-file direct testimony in the few weeks between the notice and the hearing. We disagree.

As an initial matter, the timing of the hearing schedule was not unreasonable. The hearing schedule was dictated, in large part, by ALLTEL's decision to give the Commission the minimum 30 days notice of its election of alternative regulation. See OCGA § 46-5-165 (c); 270 Ga. 105, affirming 227 Ga. App. 382 (PSC retains the authority to adjust existing rates during the transition period). ALLTEL

never requested a continuance of the hearing or an extension to file supplemental testimony or sought to delay its election of alternative regulation. It simply objected to the proceedings by filing a motion to dismiss the rule nisi and a petition for reconsideration. Therefore, we must assume that ALLTEL took issue only with the substance of the proceedings, not its timing.

Additionally, ALLTEL knew what the witnesses would say the week before the hearing. ALLTEL subpoenaed witnesses. At the hearing ALLTEL cross-examined witnesses and chose to offer one witness. Under these circumstances, ALLTEL was not denied an opportunity to be heard on the matters noticed in the rule nisi. *Cobb County School Dist.*, supra.

2. The superior court erred by finding that the Commission shifted the burden of proof at the hearing to ALLTEL and that the Commission failed to carry its burden of proof that ALLTEL's rates were unjust and unreasonable.

The superior court found that the Commission had shifted the burden of proof to ALLTEL based upon the requirement that both parties simultaneously pre-file direct testimony. In its order the superior court concluded that the pre-filing procedure coupled with the scope of the hearing shifted the burden to ALLTEL and prevented ALLTEL from responding to the Commission's assertions. However, the superior court gave no basis for its finding, and ALLTEL articulates none in its brief. Neither do we find any basis for the conclusion. The superior court erred in reversing the Commission's decision on this basis.

The superior court also found that the Commission failed to carry its burden of proof, determining that there was no evidence showing ALLTEL's rates at the time were unjust and unreasonable; however, it did not reverse the Commission's decision on this ground. We nonetheless address this finding because the superior court failed to apply the proper standard of review and grossly exceeded the permissible scope of its review.

> The superior court must accept the factual findings of the PSC if there is any evidence to support them. . . . [A]s this court then reviews the actions of the PSC, the evidence is again construed in favor of the decision rendered, as it is when it is reviewed by the superior court.

(Punctuation omitted.) *Atlanta Gas Light Co. v. Ga. Pub. Svc. Comm.*, 212 Ga. App. 575, 580 (2) (442 SE2d 860) (1994); *Commr. of Ins. v. Stryker*, 218 Ga. App. 716, 717 (1) (463 SE2d 163) (1995).

Construing the evidence in favor of the Commission's decision, *Stryker*, supra, the Commission presented evidence that ALLTEL

was overearning. Using the very methodology for rate adjustment which ALLTEL had approved in the Regulatory Plan, the Commission presented John Legler who testified about an appropriate return on equity of 12.25 percent. Richard Koda testified that, based upon the rate of return on equity supplied by Legler and financial data previously filed by ALLTEL for the year ending 1995, ALLTEL was overearning. Timothy Hopkins testified regarding the disposition of the overearnings. This testimony by the experts is sufficient to satisfy the any evidence standard. *Ga. Power Co. v. Ga. Pub. Svc. Comm.*, 196 Ga. App. 572, 579-580 (5) (396 SE2d 562) (1990). The evidence supported the Commission's findings that ALLTEL's rates were unreasonable.

This evidence was overlooked, however, when the superior court, in an inappropriate review of the Commission's decision, failed to apply the "any evidence" standard, contrary to longstanding precedent. See, e.g., *Ga. Real Estate Comm. v. Peavy*, 229 Ga. App. 201 (493 SE2d 602) (1997); *Miles v. Andress*, 229 Ga. App. 86 (493 SE2d 233) (1997); *Stryker*, supra; *Ga. Power Co.*, supra. Instead, the superior court took on the role of witness, expert witness, and factfinder when it substituted its own findings for that of the Commission. The superior court order questioned the Commission's reliance on staff witnesses, questioned the expert's methodology, and questioned the data used by the experts while ignoring completely the existence of the Regulatory Plan which permitted ALLTEL excessive earnings. In so doing, the superior court directly addressed the credibility and weight of the evidence. Under the "any evidence" standard, the superior court should not have weighed the factors considered by the Commission; it should have only determined whether there was any evidence to support the decision. Consequently, the superior court order is reversed as to its findings on the evidentiary matters.

3. The Commission's order addressing the disposition of the overearnings violated neither OCGA § 46-2-25 (d), which prohibits rate-making orders with retroactive effect, nor OCGA § 46-5-166 (f) (2) regarding adjustments to intrastate access rates.

After determining that ALLTEL had overearned, the Commission ordered that the ALLTEL Companies apply the overearnings to reduce its intrastate access rates. The Commission further ordered the disposition of the overearnings was:

> deemed to reduce the intrastate switched access rates of the ALLTEL Companies from the levels which were in effect immediately prior to July 1, 1996. From the effective date of this order, [July 12, 1996,] the ALLTEL Companies' first-step access rate reductions, pursuant to OCGA § 46-5-166 (f)

(2), shall be a reduction from the new levels set by this Order.

The "first step access rate reduction" is part of the process for the phasing down of intrastate rates. For Tier 2 companies which elect alternative regulation, OCGA § 46-5-166 (f) (2) establishes a method by which intrastate rates are phased down to reach parity with interstate rates by July 2000. This Court has previously described the method in *Ga. Pub. Svc. Comm. v. ALLTEL Ga. Communications Corp.*, 230 Ga. App. 563, 565 (497 SE2d 50) (1998). Significantly, a Tier 2 LEC was not entitled to recover the revenue lost thereby until it had elected alternative regulation. OCGA § 46-5-166 (a).

ALLTEL was not entitled to the recovery of revenue lost because of the phase-down pursuant to OCGA § 46-5-166 (f) (2) until its alternative regulation was effective on July 15, 1996. Three days prior to that date, the Commission issued the subject order. Since ALLTEL was not entitled to recovery under OCGA § 46-5-166 (f) (2) at the time, the order did not violate that statute and did not have a retroactive effect in violation of OCGA § 46-2-25 (d).

4. For the reasons set forth above, the superior court order remanding the case to the Commission with direction to dismiss is reversed.

5. The motion to withdraw the appeal is denied. While the parties have settled this case, an appeal can be considered where a case is moot because the error is capable of repetition, yet evades review. Because all similar cases involving the Commission are heard in Fulton County, and the potential for repetition of the trial court's error is high, we address the issues raised on appeal.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED JUNE 27, 2000 ▮▮▮▮▮▮▮▮▮

*Thurbert E. Baker, Attorney General, Robert S. Bomar, Deputy Attorney General, Harold D. Melton, Senior Assistant Attorney General, Thomas K. Bond, John H. Maclean,* for appellants.

*Long, Aldridge & Norman, Edgar H. Sims, Jr., Bruce P. Brown, Gregory S. Brow, Alan R. Jenkins,* for appellees.

*Newton M. Galloway,* amicus curiae.