S04A0249. INSERECTION, A FANTASY STORE et al. v. CITY OF MARIETTA.
(598 SE2d 452)

BENHAM, Justice.

Appellant Inserection, A Fantasy Store, received a license from appellee the City of Marietta to operate a general merchandise retail establishment, effective March 13, 2003. After investigating several complaints about the merchandise offered for sale by Inserection and believing Inserection to be distributing material obscene under state law and prohibited by the license issued by the City, the City issued a letter on June 6 requesting Inserection to cease and desist such sales. The same day, the City filed a complaint for temporary and permanent injunction in which it asserted Inserection's sale of allegedly obscene materials constituted the operation of a public nuisance and sought to enjoin the operation of the nuisance. After conducting a hearing and viewing the evidence purchased by agents of the City's police department, the trial court issued a temporary injunction against the continued operation of the store, ordered the police to padlock the premises, and set a date for the final hearing. Appellants filed an application for interlocutory review which this Court granted

since the trial court's grant of an interlocutory injunction was subject to direct appeal under OCGA § 5-6-34 (a) (4).

1. The City suggests this appeal has been rendered moot by the expiration of the business license issued to appellants. The license contains on its face an expiration date of December 31, 2003; appellants assert the license does not expire until March 31, 2004, the last day a 2003 license can be renewed pursuant to the City's regular business practice. Regardless of the applicable expiration date, it is clear that appellants cannot now obtain the remedy they seek, re-opening of Inserection, since the license to operate the business has expired. "This court will upon its own motion dismiss an appeal where it affirmatively appears . . . that a decision would be of no benefit to the complaining party." *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986). Inasmuch as the appeal became moot at the expiration of the period of time during which the license was effective, the appeal must be dismissed. See *Bd. of Commrs. of Whitfield County v. Golden Gallon*, 244 Ga. 209 (259 SE2d 463) (1979); *Cook v. Harris*, 209 Ga. 425 (73 SE2d 89) (1952); *Cravey v. Bankers Life & Cas. Co.*, 209 Ga. 273 (71 SE2d 659) (1952); *Exley v. Blackmon*, 129 Ga. App. 598 (200 SE2d 334) (1973).

2. Appellants point out an appeal is not moot where the alleged error is capable of repetition yet evades judicial review. See *Collins v. Lombard Corp.*, 270 Ga. 120 (1) (508 SE2d 653) (1998). Citing *Penthouse Intl. v. McAuliffe*, 454 FSupp. 289, 301-302 (N.D. Ga. 1978), appellants maintain the one-year duration of the City's license is too short a time in which to fully litigate the issue and contend the issue of the propriety of the judicially-ordered closure of stores selling allegedly obscene materials is likely to arise again in pending litigation involving other stores in Marietta as well as when Inserection opens another store in Marietta. We agree with appellants that the issue may well arise in other litigation, but we disagree that the issue evades review. In *Penthouse Intl.*, a publisher charged with distributing obscenity each time the monthly magazine published a new issue filed an action under 42 USC § 1983 claiming the Fulton County Solicitor-General was engaged in a carefully-orchestrated prior restraint. The trial court determined the one-month life of the monthly magazine was too short a period of time in which the challenged action could be fully litigated, thereby finding the case involved a claim capable of repetition yet evading review. The case at bar involves a license with a life 12 times as long as the monthly magazine in *Penthouse Intl.* Furthermore, judicial review was delayed in the case at bar when appellants removed the case from the Superior Court of Cobb County to federal court only to have that court return it to the superior court and, while appellants unsuccessfully sought supersedeas in the trial court and this court (compare *Brown v.*

*Spann*, 271 Ga. 495 (520 SE2d 909) (1999), and *Jackson v. Bibb County School Dist.*, 271 Ga. 18 (515 SE2d 151) (1999)), appellants did not seek expedited review of the case in this Court. Compare *Howell v. Fears*, 275 Ga. 627 (571 SE2d 392) (2002); *Napper v. Ga. Television Co.*, 257 Ga. 156 (356 SE2d 640) (1987). In the absence of evidence that the appeal presents an issue capable of repetition yet evading review, the appeal must be dismissed as moot.

*Appeal dismissed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

In a very recent opinion, the Supreme Court of the United States left no doubt that Appellants are entitled to a prompt judicial decision and that reviewing courts are required to be sensitive to delay-related First Amendment harm and to administer judicial review procedures accordingly. *City of Littleton v. Z. J. Gifts D-4*, 541 U. S. 774 (124 SC 2219, 159 LE2d 84) (2004). A majority of this Court now circumvents that binding authority by holding that this appeal is moot. In its opinion, the majority inaccurately states that the duration of Appellants' business license is one year, when it is less than that. The majority then erroneously relies on the license's purported 12-times greater length to distinguish a federal district court case which found that successive one-month periods to litigate an issue involved a claim which was capable of evading review. *Penthouse Intl. v. McAuliffe*, 454 FSupp. 289 (N.D. Ga. 1978).

As the author of the majority opinion previously has made clear, "the term 'moot' must be narrowly construed to exclude from mootness those matters in which there is '(i)ntrinsically insufficient time to obtain judicial relief' " based on existing facts or rights which affect either the immediate parties or an existing class of sufferers. *Collins v. Lombard Corp.*, 270 Ga. 120, 121-122 (1) (508 SE2d 653) (1998). See also *Brown v. Spann*, 271 Ga. 495, 496 (520 SE2d 909) (1999). For this reason "a case which contains an issue that is capable of repetition yet evades review is not moot . . . ." *Collins v. Lombard Corp.*, supra at 122 (1). The Georgia appellate courts began to recognize this test in 1974 and have depended repeatedly on the precedent of the Supreme Court of the United States. *In the Interest of I.B.*, 219 Ga. App. 268, 271 (464 SE2d 865) (1995) (approved in *Collins* as enunciating a sound analytical approach). That Court articulated two conditions for exclusion from mootness: " ' "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was reasonable expectation that the same complaining party" ' " or an existing class of sufferers would be subjected to the same action again. *In the Interest of I.B.*, supra at 273. Thus, "[t]he proper approach is to consider the term 'moot' practically and realistically,

given the nature of the challenge and the posture of the challenger."
*In the Interest of I.B.*, supra at 275.

The majority correctly recognizes that the second condition for exclusion from mootness treatment exists here, in that the propriety of the judicially ordered closure of stores selling allegedly obscene materials is likely to arise again in similar litigation involving Appellants or others in the City. Because all such cases must be heard in the same court, the Superior Court of Cobb County, the potential for repetition of any error is high. See *Georgia Public Svc. Comm. v. ALLTEL Ga. Communications Corp.*, 244 Ga. App. 645, 652 (5) (536 SE2d 542) (2000). The majority finds that only the first condition regarding the available period for full litigation is lacking here.

The sufficiency of the time available for full litigation of the issues would be better analyzed if, instead of distinguishing a single federal district court opinion, we again examine United States Supreme Court precedent. Such examination reveals that the issues raised on appeal have not been deemed moot in cases involving periods of one year or less, and of two years in one instance. *Board of Education v. Rowley*, 458 U. S. 176, 186 (II), fn. 9 (102 SC 3034, 73 LE2d 690) (1982) (nine months); *Sosna v. Iowa*, 419 U. S. 393, 397 (I) (95 SC 553, 42 LE2d 532) (1975) (one year); *Southern Pacific Terminal Co. v. Interstate Commerce Comm.*, 219 U. S. 498, 514-515 (31 SC 279, 55 LE 310) (1911) (two years); *Valentino v. Howlett*, 528 F2d 975, 980 (III) (7th Cir. 1976) (reviewing *Sosna, Southern Pacific*, and additional Supreme Court precedent in the same manner). Other federal and state courts have reached similar conclusions. *Deja Vu of Nashville v. Metropolitan Govt. of Nashville and Davidson County*, 274 F3d 377, 390-391 (II) (B) (6th Cir. 2001); *Nugent v. Town of Camden*, 710 A2d 245, 247 (I) (Me. 1998); *Sherrill v. Dept. of Transp.*, 799 P2d 836, 838 (1) (Ariz. 1990). Of course, the time constraints of Georgia courts are the most relevant. The Court of Appeals has recognized that, given those constraints, it often is not feasible to reach the merits of an appeal where the maximum window of time for litigation is six months. *Baca v. Baca*, 256 Ga. App. 514, 515 (1) (568 SE2d 746) (2002). See also *Buchheit v. Stinson*, 260 Ga. App. 450, 452 (1) (579 SE2d 853) (2003). Although the majority cites a few cases involving the revocation of a license, none of them addresses whether the issue on appeal was capable of repetition, and yet also was capable of evading review.

Appellants' business license, issued on March 13, 2003, was, by its terms, to expire on December 31, 2003. Thus, its duration was approximately nine and one-half months, not one full year. All adult establishment licenses issued by the City expire at the end of each year, as they must be renewed by application on a calendar-year basis. Marietta Municipal Code § 8-20-170 (Plaintiff's exhibit 6).

Thus, the length of each original license is one year or less. Indeed, the duration of virtually all original licenses will be significantly less than one year, as applications are not required to be made at the beginning of the year and the City's Code allows time for investigation, notification, and appeal. Municipal Code §§ 8-20-110, 8-20-140, 8-20-160. Such legislative time provisions are important considerations. See *Board of Education v. Rowley,* supra; *Citizens for Ethical Govt. v. Gwinnett Place Assoc.,* 260 Ga. 245 (1) (392 SE2d 8) (1990). More crucial to this case is the fact that the City did not seek injunctive relief until June, leaving less than seven months for the issuance of a ruling on the prayer for an interlocutory injunction and for the pursuit of any appellate review. Furthermore, in the future, neither Appellants nor the owner of any other store will be able to force the City to initiate a proceeding for injunction early enough in the calendar year to ensure full litigation, including an appeal, prior to expiration of the license. As the prevailing party in the trial court, the City may well choose to seek injunctive relief only in the latter part of the calendar year in order to moot, and thus prevent, appellate review. Because of such governmental choices, appeal of the propriety of similar injunctions might never reach this Court, but rather will likely evade review. *Caldwell v. Bateman,* 252 Ga. 144, 146 (1) (312 SE2d 320) (1984). Were challenges to the injunctive relief mooted by the expiration of the calendar year, the City's or the trial court's actions would evade appellate scrutiny. *Cloverleaf Kennel Club v. Colorado Racing Comm.,* 620 P2d 1051, 1054 (I) (Colo. 1980). See also *Mules v. Maryland Racing Comm.,* 353 A2d 664, 670 (Md. App. 1976).

The majority's reliance on Appellants' failure to seek expedited review is unwarranted. This Court only infrequently expedites an appeal. Expediting review runs the risk either of entirely failing to fulfil its purpose or of preventing genuinely full appellate litigation, especially where, as here, the prevailing party had some control over the amount of time available for appellate review. Compare *Payne v. Chatman,* 267 Ga. 873 (485 SE2d 723) (1997) (involving the unique area of election contests). Thus, the issues in this case, as in many otherwise moot cases, "are likely to evade full review, even when review is expedited." *Rasmussen v. Fleming,* 741 P2d 674, 680 (Ariz. 1987) (en banc).

Moreover, there is another reason why this appeal is not moot. There may be continued viability in an otherwise moot appeal where a decision could have a direct impact on the rights and duties of, or important consequences for, the parties involved therein. *Balmoral Racing Club v. Illinois Racing Bd.,* 603 NE2d 489, 496-497 (Ill. 1992). Litigation has a continuing character "where the right to a renewal license turns in part upon the validity of an expired license, [cits.] . . . ." *Boggess v. Berry Corp.,* 233 F2d 389, 391 (9th Cir. 1956). See also

*Rattray v. Scudder*, 169 P2d 371, 374 (Cal. 1946) (Traynor, J.). Thus, "[t]he courts have recognized that the question of revocation does not become moot upon expiration of the period for which the license was issued. [Cits.]" *Pennsylvania State Athletic Comm. v. Graziano*, 12 Pa. D. & C. 2d 127, 153 (Pa. Common Pleas 1957). The Court of Appeals recognized this principle in *Leakey v. Ga. Real Estate Comm.*, 80 Ga. App. 272 (55 SE2d 818) (1949). Compare *Exley v. Blackmon*, 129 Ga. App. 598, 599 (200 SE2d 334) (1973) (cited by the majority, but distinguishing license revocations which still have future adverse consequences).

In any future application, Appellants will have to state whether, in previous operations, they have had any business license for an adult entertainment business or similar type of business revoked or suspended and the reason therefor. Municipal Code § 8-20-120 (E). See also Municipal Code § 8-20-290 (C) (prohibiting application during any period of suspension or revocation). The City may grant the permit only if Appellants have not had such a license denied or revoked for cause involving moral character. Municipal Code § 8-20-140 (F). Renewal of licenses is based on continuing compliance with the requirements of the City's Code. Municipal Code § 8-20-170. Furthermore, resolution of the merits of this appeal would undoubtedly determine the result of all or part of the issues in Appellants' related petition seeking writs of mandamus and certiorari with regard to the revocation of their business license. Accordingly, revocation "of the license which caused the controversy between the parties as to [Appellants'] valuable right to do business has not ceased to exist, and there is a subject-matter upon which the superior court and this court could operate." *Leakey v. Ga. Real Estate Comm.*, supra at 275.

Therefore, "practically and realistically" analyzing this proceeding for injunctive relief and Appellants' posture therein, I believe that the merits should be reached and, thus, I am compelled to dissent to the judgment dismissing this appeal as moot.

DECIDED JUNE 7, 2004 —
RECONSIDERATION DENIED JULY 12, 2004.

*Begner & Begner, Alan I. Begner, Eric L. Jensen, Katie W. Wood*, for appellants.

*Haynie, Litchfield & Crane, Douglas R. Haynie, Harbert S. Gregory, Jr., Melissa A. Powell Haisten*, for appellee.