## 53505, 53506. YOUNG v. JONES (two cases).

BELL, Chief Judge.

These cases are malpractice suits arising out of the defendant's legal representation of the plaintiffs in two other lawsuits. The complaints alleged that defendant negligently sued the wrong party defendant in each case. The trial court granted the plaintiffs a partial summary judgment on the issue that the defendant had sued the wrong party in the other suits. The records on appeal contain orders or judgments in the two other cases in which the plaintiffs/appellees here were party plaintiffs and the "Southern Railway System" was one of the parties defendant. These orders recite that after hearing the "evidence" the court found as a fact that "Southern Railway System is and was not a corporate entity, capable of being sued, . . ."; and found that "as a matter of law that Southern Railway System is not a legal entity, and there is no valid pending suit in the Superior Court of Dougherty County, Georgia. . ."; and the complaints were dismissed. There is no evidence in the record which supports these findings of fact and conclusions of law. Thus, these judgments entered in the lawsuits contain nothing but ultimate conclusions of fact and law which are of no probative value in these cases and are inadmissible against this defendant to establish this essential element of recovery. They must be disregarded on motion for summary judgment. *Central of Ga. R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 794 (178 SE2d 710). There is nothing else in the records by way of any competent evidence or admission by defendant that will sustain the grant of the motions of the plaintiffs. Consequently, the judgments are erroneous and must be reversed.

*Judgments reversed. McMurray and Smith, JJ., concur.*

ARGUED FEBRUARY 28, 1977 — DECIDED MARCH 17, 1977 — REHEARING DENIED MARCH 30, 1977.

*Henrietta E. Turnquest,* for appellant.

*Vansant & Engram, B. Sam Engram, Jr., Alfred N. Corriere,* for appellees.