CHRYSINGER, APPELLANT, *v.* DECATUR
ET AL., APPELLEES.

(No. 81AP-609—Decided
January 14, 1982.)

*Mr. Samuel I. Kanter,* for appellant.
*Messrs. Frost, Freytag & Hunter, Mr.
Robert E. Frost* and *Mr. Thomas D.
Hunter,* for appellee Donald Decatur.

REILLY, J. This is an appeal from a
judgment of the Court of Common Pleas
of Franklin County.

Summary judgment was entered for
defendant-appellee, Donald Decatur. The
judgment entry reads as follows:

"This cause came before the court on
the Motion of defendant, Donald Decatur,
for summary judgment pursuant to Rule
56 of the Ohio Rules of Civil Procedure.
The court, having considered the
pleadings, motion and memoranda filed
by counsel as well as all other materials
properly before it pursuant to Rule 56(C)
of the Ohio Rules of Civil Procedure, finds
that the defendant's Motion for Summary
Judgment is well taken and should be
granted. It is, therefore,

"ORDERED, that judgment be and
hereby is entered in favor of defendant,
Donald Decatur, and against the plaintiff
at plaintiff's cost. This is a final ap-
pealable order."

The record shows that plaintiff-
appellant Joe Chrysinger filed a com-
plaint on behalf of his son Joey Chry-
singer, alleging that defendant committed
battery with malice on his said child. The
Columbus Board of Education was also a
party to this action, but was subsequently
dismissed.

Plaintiff has now perfected this ap-
peal, including the following assignment
of error:

"The Plaintiff-Appellant for his
assignment of error says that the decision
granting Summary Judgment to defen-
dant, Donald Decatur, in the Court of
Common Pleas of Franklin County, Ohio,
was erroneous in that it was an abuse of
judicial discretion."

It is noted at the outset that Civ. R.
56(C) reads in part:

"* * * Summary judgment shall be
rendered forthwith if the pleading,
depositions, answers to interrogatories,
written admissions, affidavits, transcripts
of evidence in the pending case, and writ-
ten stipulations of fact, if any, timely filed
in the action, show that there is no gen-
uine issue as to any material fact and that
the moving party is entitled to judgment
as a matter of law. No evidence or stipula-
tion may be considered except as stated in
this rule. A summary judgment shall not
be rendered unless it appears from such
evidence or stipulation and only
therefrom, that reasonable minds can
come to but one conclusion and that con-
clusion is adverse to the party against
whom the motion for summary judgment
is made, such party being entitled to have
the evidence or stipulation construed
most strongly in his favor. A summary
judgment, interlocutory in character, may
be rendered on the issue of liability alone
although there is a genuine issue as to the
amount of damages."

The complaint in this case, as noted
above, alleges a battery. Basically, a bat-
tery involves intentionally causing
physical harm to another unlawfully. The
affidavits of Joey Chrysinger and his

mother quoted herein are sufficient, construing the evidence most strongly for plaintiff, to establish the first two elements, namely, intentionally causing physical harm to another.

The affidavit of Ethel M. Chrysinger reads as follows:

"I, Ethel M. Chrysinger, having been first duly sworn according to law depose and say:

"1. I am the mother of Joey Chrysinger, the minor on whose behalf the above mentioned case was filed by his father, Joe Chrysinger, in the Common Pleas Court of Franklin County:

"2. I have personal knowledge of the information contained in this affidavit;

"3. When Joey Chrysinger, Jr., my son, came home from school on November 14, 1979, he told me that the principal paddled him, and that it hurt so bad that he, Joey, couldn't sit down without having a lot of pain. When I looked at his buttocks, they were badly bruised with blisters. I called Marge Green, our social worker. She came over, and the three of us went to the Emergency Room at Children's Hospital, where Joey was treated.

"Further Affiant sayeth not."

Further, Joey Chrysinger stated in his affidavit, the following:

"I, Joey Chrysinger, having been duly sworn according to law, depose and say:

"1. I am the minor on whose behalf the above captioned case was filed in the Common Pleas Court of Franklin County;

"2. I have personal knowledge of the information contained in this affidavit;

"3. On about November 14, 1979, Mr. Donald Decatur, the defendant, asked me to come into his office at Everett Junior High School. I was outside when he called me. When I got in the office, he hit me three times with a wooden paddle. After the second hit, I started crying. After the third hit, Mr. Decatur said that if I didn't like that, there was more where that came from. I was in a lot of pain after he hit me. Then, he took me back to my class and made me sit down. It was very painful for me to sit, and I tried to sit sideways. When I went to the restroom at school on that day, I saw that my buttocks and the back of thighs, down about half way to my knees, were red. When I got home from school, my mother and Marge Green took me to the Emergency Room at Children's Hospital. The next day my buttocks were green. For at least a week afterwards, I wasn't able to lie on my back.

"Further Affiant sayeth not."

Consequently, for purposes of summary judgment, the question becomes whether defendant's actions were unlawful. The applicable statute, R.C. 3319.41, provides in pertinent part:

"A person employed or engaged as a teacher, principal, or administrator in a school, whether public or private, may inflict or cause to be inflicted, *reasonable* corporal punishment upon a pupil attending such school whenever such punishment is *reasonably* necessary in order to preserve discipline while such pupil is subject to school authority. * * *" (Emphasis added.)

Thus, the focus is whether, construing the evidence most strongly for plaintiff, the force used was unreasonable. The crux of the matter at this stage is whether reasonable minds could differ as to whether defendant used excessive force. The above quoted affidavits present an issue of fact on this basic proposition. Thus, applying Civ. R. 56(C), the issue could not be decided as a matter of law.

For instance, considering the foregoing affidavits, plaintiff could not lie on his back for one week, had large and multiple bruises of dark color, as well as blisters, and was in such pain that he started crying after the second hit with a paddle in the principal's office. In short, plaintiff has presented by the pleadings and affidavits, a genuine issue of material fact as to the excessiveness or unreasonableness, and, therefore, unlawfulness of defendant's use of force. Such factual

issue, of course, might not ultimately be resolved in plaintiff's favor.

In addition, the presence of actual malice is not material to the alleged battery offense and is only relevant as to punitive damages. The Supreme Court in *Pickle* v. *Swinehart* (1960), 170 Ohio St. 441 [11 O.O.2d 199], indicated that to recover punitive damages, actual malice must be shown. This issue, however, must be determined upon the trial of the case.

Accordingly, for the foregoing reasons, plaintiff's assignment of error is well taken and sustained. The judgment is reversed and remanded for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed
and cause remanded.*

WHITESIDE and MCCORMAC, JJ., concur.