DECIDED SEPTEMBER 26, 1983.

*Walter S. Chew, Jr.,* for appellant.
*Hugh B. McNatt,* for appellees.

## 66735. ADKINS v. ADKINS.

BIRDSONG, Judge.

This action arose from appellee's petition for year's support filed with the Probate Court of Miller County. Appellee is the surviving spouse of Martin N. Adkins, Jr. Adkins' minor daughter (by another marriage), appellant herein, filed a caveat to appellee's petition. The return of the appraiser set apart to appellee wife as a year's support the entire estate of Adkins. The probate court modified the return to provide that appellee wife and appellant daughter were to share and share alike in the year's support. On appeal to the superior court, appellee moved for summary judgment seeking an order setting apart the year's support to her alone. After hearing, the trial court granted appellee's motion. *Held:*

1. Appellant initially contends that the trial court erred in granting appellee summary judgment because the record created a factual dispute as to the validity of the marriage of Adkins and appellee. Our review of the record demonstrates this contention to be wholly erroneous. Appellee established by affidavit her marriage to Adkins at the time of his death. The only responsive evidence presented by appellant was in the form of two affidavits containing opinions that Adkins was incompetent at the time of his marriage to appellee. These opinions set forth no factual basis whatsoever and constitute mere conclusions that Adkins was incompetent. The opinions constitute clearly inadmissible evidence. *Welch v. Stipe,* 95 Ga. 762 (22 SE 670). These opinions are nothing more than ultimate conclusions of fact and law that are of no probative value and must be disregarded on motion for summary judgment. *Young v. Jones,* 141 Ga. App. 724 (234 SE2d 378). The record contains no genuine issue of material fact concerning the validity of appellee's marriage to Adkins.

2. In her second enumeration of error, appellant argues that the trial court erred in entering summary judgment in favor of appellee based on the return of the appraisers because appellant was entitled

to a jury determination as to the amount of year's support to be awarded. However, appellant overlooks the fact that she presented no evidence challenging the return of the appraiser. "[T]he return of the appraisers makes a prima facie case for the widow. . . ." *Wilson v. Wilson,* 54 Ga. App. 770 (1) (189 SE 71). In the absence of contrary evidence, "a verdict sustaining the return of the appraisers is demanded as a matter of law." Id. The return pierced the allegations of the caveat, and appellant produced no evidence to demonstrate a genuine issue of material fact concerning the accuracy or propriety of the return. Accordingly, appellee was entitled to summary judgment. OCGA § 9-11-56 (c) (Code Ann. § 81A-156).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 26, 1983.

*Ronnie Joe Lane,* for appellant.
*Danny S. Shepard,* for appellee.