70749. MADDOX v. BOUTWELL et al.
(336 SE2d 599)

BENHAM, Judge.

Appellant, as next friend of his son Stephen, filed suit against appellee Boutwell, principal of Stephen's school; appellee Stroud, Clayton County School Superintendent; and the Clayton County Board of Education. The basis of the complaint was the administration of corporal punishment to Stephen by appellee Boutwell. This appeal is from the grant of summary judgment to both appellees, summary judgment to the school board having been granted by acquiescence.

Corporal punishment in Georgia schools is provided for by OCGA § 20-2-730 et seq. In § 20-2-731, it is provided that school boards may authorize the administration of corporal punishment by the adoption of written policies and that such authority is subject to certain limitations, the first of which is "[t]he corporal punishment shall not be excessive or unduly severe." There is no issue in this case regarding the adoption by the Clayton County Board of Education of appropriate written policies. There is also no issue remaining as to adherence to the conditions enumerated in § 20-2-731, with the exception of the one quoted above. Appellant argued in the trial court and on appeal that Boutwell violated that guideline by administering punishment which was excessive and unduly severe and in bad faith, thereby forfeiting the immunity from civil liability granted by OCGA § 20-2-732. Appellant has also asserted that the violation of that guideline was wilful, wanton, and outside the scope of Boutwell's authority, thereby forfeiting the protection of governmental immunity. See *Hennessey v. Webb*, 245 Ga. 329 (264 SE2d 878) (1980).

The key issue in this case, then, is whether the punishment administered to Stephen was in bad faith and was excessive and unduly severe. If so, the punishment would be outside the established guidelines and, therefore, outside the scope of Boutwell's authority, rendering him liable. If not, both appellees would be protected by both types of immunity.

The essential facts of this case are undisputed. Stephen and another student were sent to Boutwell's office because of disruptive be-

havior in the classroom. Boutwell gave the students a choice between suspension and a paddling. Both chose paddling and were given four "licks" each with a wooden paddle 24 inches long, 5 inches wide, and ¼ to ½ inch thick.

In an affidavit in opposition to appellees' motion for summary judgment, Stephen swore that the paddling was painful. Both his parents swore that he received "severe bruises" to his buttocks and one thigh.

In support of their motions for summary judgment, appellees introduced the affidavits of both appellees, of the assistant principal who witnessed the punishment, of Stephen's classroom teacher, and of an assistant school superintendent who observed Stephen on the Monday following the punishment. Boutwell's affidavit was discounted by the trial court because his statement that the punishment was not excessive or unduly severe amounted to a self-serving declaration. However, the trial court concluded that the assistant principal's affidavit, in which she averred that the punishment was administered in compliance with applicable guidelines and was not excessive or unduly severe; the assistant superintendent's affidavit, in which he stated that he saw Stephen playing on the next Monday without any outward manifestations of injury or pain; and the classroom teacher's affidavit, in which she swore that both boys returned to the classroom after the punishment without exhibiting any pain, having any problem sitting down, or voicing any complaint about pain, pierced the allegations in appellant's complaint regarding the excessiveness or undue severity of the punishment.

Appellant argues that the contents of the affidavits on which the trial court relied amounted to no more than opinions which, as appellant correctly asserts, would not support the grant of summary judgment. *Adkins v. Adkins*, 168 Ga. App. 151 (308 SE2d 432) (1983). We cannot agree, however, with appellant's characterization of the affidavits as containing nothing more than opinions. The affiants set out in their affidavits their observations of the punishment and its aftermath, including a total absence of any objective manifestations of injury. We regard that evidence, as did the trial court, to be factual statements sufficient to pierce the allegations of the complaint regarding the severity of the punishment, thereby shifting to appellant the burden of producing evidence showing the existence of a question of fact on that issue. *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562 (307 SE2d 99) (1983).

We find the trial court to be correct in its conclusion that the affidavits submitted by appellant in opposition to summary judgment did not show the existence of a question of fact. All they showed was that the paddling was painful to Stephen and produced bruises. As the trial court noted, it is to be anticipated that corporal punishment

will produce pain and the potential for bruising. Nothing in those affidavits counters the appellees' showing that Stephen experienced no more than the short-term discomfort to be expected from the administration of corporal punishment. We agree, therefore, with the trial court that the evidence in this case demands the conclusion as a matter of law that the punishment administered to Stephen was neither excessive nor unduly severe. Compare *Chrysinger v. Decatur*, 3 Ohio App. 3d 286 (445 NE2d 260) (1982), where it was held that a mother's testimony that her son's buttocks were badly bruised and blistered, and the student's testimony that he received three licks which turned his skin red, then green, and prevented him from lying on his back for a week, presented a jury question regarding the reasonableness of the punishment.

As to the alleged bad faith on the part of appellee Boutwell in the decision to administer corporal punishment, the trial court noted that Boutwell followed correct procedures in making that decision. The affidavits submitted by appellees set forth the factual setting for the punishment, establishing that the incident for which Stephen was punished was disruption of the classroom caused by his exhibition of a drawing depicting sexual intercourse; that Stephen's mother had recently given prior approval for the use of corporal punishment; and that Stephen and the other boy involved were given the choice of alternative punishment. That evidence pierced the allegations of the complaint regarding bad faith administration of corporal punishment. In opposition, appellant offered only conclusory statements, without a factual predicate, that the punishment was unwarranted. We agree with the trial court's conclusion that Boutwell was entitled to judgment on that issue as well.

Furthermore, in the absence of any evidence of wilful or wanton conduct on the part of appellee Boutwell, the evidence submitted by appellees also demanded the conclusion that Boutwell acted within the scope of his authority. We hold, therefore, that summary judgment for appellee Boutwell was demanded. *Hennessy v. Webb*, supra. Since appellee Stroud's liability was predicated on Boutwell's, it follows that Stroud was also entitled to the grant of summary judgment.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 18, 1985.

*Ernest D. Blount*, for appellant.
*Larry A. Foster*, for appellees.