A89A0183. MATHIS et al. v. BERRIEN COUNTY SCHOOL DISTRICT et al.
(378 SE2d 505)

BANKE, Presiding Judge.

Acting on behalf of their minor son, Chris, the appellants filed suit against their school district, the school superintendent, their son's teacher, and his school principal seeking to recover for physical and psychological injuries allegedly sustained by the child as the result of corporal punishment administered by the teacher. The trial court granted summary judgment to the appellee-defendants, concluding as a matter of law that the punishment administered to the child was not so excessive or severe as to be unlawful. This appeal followed.

Chris was a 13-year-old student in the fifth grade at Ray City Elementary School in Berrien County. His teacher, Peggy Lloyd, testified that she had been having disciplinary problems with him on the day in question and had sent him to the "time-out" area of the classroom on three occasions. Under Lloyd's punishment policy, which was

posted in her classroom, a student who received three "time-outs" during the school day was also to receive corporal punishment. Lloyd escorted Chris across the hallway to carry out the punishment, which was to consist of three "licks" with a wooden paddle approximately 24 inches long, six inches wide, and one inch thick. In accordance with school and state policy, another faculty member was present to witness the paddling. After receiving the first two licks, Chris initially refused to take the third, whereupon he was informed by Lloyd that if he did not cooperate he would be sent to the principal's office. He then agreed to cooperate. A fourth lick was ultimately added to punish him for his belligerence. In accordance with school policy, Chris was then sent to the principal's office with a corporal punishment slip completed by Lloyd and signed by the witness. Thereafter, he returned to his classroom.

After Chris got home from school, his mother took him to a doctor, who testified that he observed superficial bruises on the child's buttocks. The child was then taken to the sheriff, who photographed the bruises. When Chris was re-examined by his physician 10 days later, the bruises had disappeared. Approximately two years after the incident, Chris was examined by a psychologist, who diagnosed him as suffering from "post-traumatic stress disorder." *Held*:

In *Ingraham v. Wright*, 430 U. S. 651 (97 SC 1401, 51 LE2d 711) (1977), the United States Supreme Court held that the prohibition against cruel and unusual punishment appearing in the Eighth Amendment to the United States Constitution does not apply to disciplinary paddling of public school students. Corporal punishment of students in Georgia is expressly permitted by statute, provided it is not excessive in degree or severity and is administered in good faith by a teacher or school principal for disciplinary reasons. See OCGA § 20-2-730 et seq.

In support of their contention that the evidence in this case authorized the trial court's grant of summary judgment in their favor, the appellee-defendants rely on this court's decision in *Maddox v. Boutwell*, 176 Ga. App. 492 (336 SE2d 599) (1985). There, the plaintiff submitted evidence showing that his child had sustained "severe bruises" on his buttocks and thigh upon being hit four times with a wooden paddle 24 inches long, five inches wide, and one-fourth to one-half inch thick. We held that the defendants were nevertheless entitled to summary judgment based on affidavits from various witnesses establishing that the child had exhibited a "total absence of any objective manifestations of injury" during or immediately following the incident. Id. at 493.

In the case before us, as in *Maddox*, the appellee-defendants submitted affidavits from various individuals who had observed Chris during and after the administration of the punishment. Lloyd averred

that upon Chris' return to the classroom after the punishment and for the remainder of the day, he had exhibited no signs of discomfort. The principal averred that when he had talked with Chris immediately after the incident, the child had not complained that the punishment was excessive nor indicated that he was in pain. The sheriff similarly averred that Chris had "showed no visible sign of being in pain." Finally, the assistant school superintendent stated that Chris was playing and laughing and demonstrating no visible signs of distress or pain when he saw him the day following the incident.

Here, as in *Maddox*, we hold that the evidence submitted by the appellee-defendants was sufficient to negate the existence of any material issue of fact. The appellants' evidence established merely that the paddling had been painful and had resulted in bruises to the child's buttocks. We held in *Maddox* that such evidence was not sufficient to create a material issue of fact, inasmuch as "it is to be anticipated that corporal punishment will produce pain and the potential for bruising." Id. at 493-94. Accordingly, we hold that the record in the present case similarly supports the trial court's conclusion that the punishment was not so excessive or severe as to be in violation of state law or the rules of the local school board.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 1, 1989 —
REHEARING DENIED FEBRUARY 10, 1989 — 

*Russell & Herrera, D. Lynn Russell, Ann J. Herrera*, for appellants.

*Harben & Hartley, Phillip L. Hartley, Perry, Moore & Studstill, William S. Perry*, for appellees.