CAMPBELL, Appellant,

v.

GAHANNA–JEFFERSON BOARD OF EDUCATION et al., Appellees.

[Cite as *Campbell v. Gahanna–Jefferson Bd. of Edn.* (1998), 129 Ohio App.3d 85.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE11–1476.

Decided July 14, 1998.

*Frederick L. Baker,* for appellant.

*Crabbe, Brown, Jones, Potts & Schmidt, John C. Albert* and *Heather W. Guthrie,* for appellees.

MASON, Judge.

Plaintiff-appellant, Thomas B. Campbell, appeals from the judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment of defendants-appellees, William Zamora, Clark Lockett, Gahanna–Jefferson Board of Education ("board"), and board members Ron Anderson, Wendy McKenna, Becky Miller, Tom Keys, Speed Dillon, and Greg Morris.

During the 1988 school year, appellant was a sixth-grade student at Gahanna Middle School. On April 20, 1988, appellant was asked to read in a class taught by Zamora. When appellant refused to read and asserted his right to pass, Zamora refused to let him do so and inquired into why appellant did not want to read out loud. Appellant asserts that he referred to reading as being "stupid," while Zamora believes and insists that appellant called him "stupid."

Zamora asked appellant to step out into the hallway. Zamora then retrieved a wooden paddle and asked another teacher, Lockett, to witness him swat appel-

lant. Zamora asked appellant if he had anything in his pockets or if there was any reason why he should not receive a swat. Appellant answered in the negative to both of the questions. Appellant was told to "grab his ankles," and then he received one swat on his buttocks from Zamora.

Upon returning home after school, appellant was sore. Appellant's parents inquired into his complaints and decided that the site of the injury on his buttocks was bad enough to seek medical attention. Appellant's parents took him to Mt. Carmel Hospital, where he was examined by a physician. Appellant was not prescribed any medication, and he did not receive any treatment for his injury.

In April 1990, appellant filed an original action in the United States District Court for the Southern District of Ohio against the board, its board members, principals, and teachers. Appellant then filed a notice of dismissal without prejudice from the federal district court action. On August 21, 1996, appellant refiled this action in state court against the board, its current members, principals, and teachers. Appellees moved to dismiss the action, and the trial court denied appellees' motion to dismiss. Appellees moved for reconsideration, and the trial court denied reconsideration. Appellees then moved for summary judgment, and the trial court granted their motion.

The trial court construed the evidence most strongly in appellant's favor and found no genuine issue of material fact, and concluded that appellees were entitled to judgment as a matter of law on appellant's Section 1983, Title 42, U.S.Code claim for alleged infliction of cruel and unusual punishment and on his other claims of battery and emotional distress. The trial court determined that Zamora was entitled to inflict the corporal punishment, which was reasonable and which was reasonably necessary to preserve discipline based on Zamora's belief that appellant called him "stupid" and that appellant was disrespectful.

Appellant appeals from the trial court's judgment and sets forth a single assignment of error:

"The court abused its judicial discretion by erroneously granting summary judgment in favor of the defendants–appellees."

Appellate review of summary judgment is *de novo*. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212; *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 641 N.E.2d 265. Under Civ.R. 56(C), summary judgment is appropriate if the court, upon reviewing the evidence in a light most favorable to the party against whom the motion is made, determines that (1) there are no genuine issues as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. See *State ex rel. Howard v. Ferreri* (1994), 70

Ohio St.3d 587, 639 N.E.2d 1189; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Appellant argues in the case at bar that genuine issues of fact exist regarding whether the school had permission to administer corporal punishment, whether such punishment was warranted under the facts leading to the paddling, and whether such punishment was administered in a reasonable way with expected injuries; therefore, he contends that the case should be tried rather. than disposed of by summary judgment. See *Duke v. Sanymetal Products Co.* (1972), 31 Ohio App.2d 78, 81, 60 O.O.2d 171, 172–173, 286 N.E.2d 324, 327. However, we disagree because bona fide factual disputes are not present in this case.

After considering appellant's arguments, we conclude that the school had permission to administer reasonable corporal punishment and that the corporal punishment was administered in a reasonable way and was reasonably necessary. Under Ohio law, a teacher may inflict corporal punishment upon a student as long as the board of education permits it, it is reasonable, and .it is reasonably necessary; reasonable corporal punishment does not constitute cruel and unusual punishment. R.C. 3319.41(E); *State v. Hoover* (1982), 5 Ohio App.3d 207, 5 O.B.R. 470, 450 N.E.2d 710. R.C. 3319.41(E) provides:

"A person employed or otherwise engaged as a teacher, principal, or administrator by a board of education permitting corporal punishment pursuant to division (A)(1) of this section or by a nonpublic school * * * may inflict or cause to be inflicted reasonable corporal punishment upon a pupil attending the school to which the person is assigned whenever such punishment is reasonably necessary in· order to preserve discipline while the student is subject to school authority."

First, appellant's school was permitted to use corporal punishment. During the 1987–1988 school year, the Gahanna Middle School issued a student handbook approving the use of corporal punishment. In August 1987, parents received this handbook, along with a copy of the principal's newsletter. Although parental approval is not constitutionally required for the use of corporal punishment, see *Baker v. Owen* (M.D.N.C.1975), 395 F.Supp. 294, affirmed (1975), 423 U.S. 907, 96 S.Ct. 210, 46 L.Ed.2d 137, the newsletter indicated that parents could request that the school not use corporal punishment on their child by calling the school or by sending a note. Their objection would then be noted in the pupil's record.

Appellant indicated in his deposition that he believed that his parents would have objected to the use of corporal punishment in accordance with the school's policy. However, appellees assert that appellant's father previously granted Zamora permission to use corporal punishment and that the school had no record

of appellant's parents objecting to the use of corporal punishment. Therefore, we find that no genuine issue of material fact exists regarding whether appellant's school was permitted to use corporal punishment.

Next, to determine whether the punishment was reasonable under R.C. 3319.41(E), we must consider R.C. 2919.22(B). R.C. 2919.22(B) states that no person shall torture or cruelly abuse a child or administer corporal punishment in a cruel manner or for a prolonged period in which the punishment is excessive and creates a *substantial risk* of *serious physical harm* to a child under the age of eighteen. R.C. 2901.01(H) defines "substantial risk" as "a strong possibility * * * that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(E)(1) through (5) defines "serious physical harm to persons":

"(1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

"(2) Any physical harm which carries a substantial risk of death;

"(3) Any physical harm which involves some permanent incapacity, whether partial or total, or which involves some temporary, substantial incapacity;

"(4) Any physical harm which involves some permanent disfigurement, or which involves some temporary, serious disfigurement;

"(5) Any physical harm which involves acute pain of such duration as to result in substantial suffering, or which involves any degree of prolonged or intractable pain."

Appellant relies on *Chrysinger v. Decatur* (1982), 3 Ohio App.3d 286, 3 OBR 331, 445 N.E.2d 260, to demonstrate that summary judgment is not appropriate because the *Chrysinger* court found that a genuine issue of material fact existed regarding the excessiveness or unreasonableness of the administration of corporal punishment; however, appellant's reliance is misplaced. The plaintiff's injuries in *Chrysinger* are of no comparison to the injuries that appellant, in the case at bar, suffered. The plaintiff was paddled three times, "could not lie on his back for one week, had large and multiple bruises of dark color, as well as blisters, and was in such pain that he started crying after the second hit with a paddle." *Id.* at 287, 3 OBR at 333, 445 N.E.2d at 262. Therefore, the *Chrysinger* court found that the plaintiff presented a genuine issue of material fact about the excessiveness or unreasonableness and, thus, the unlawfulness of the defendant's action.

In the case at bar, appellant testified that he suffered no broken skin, scratches, or bleeding, and that he had only two huge, basic bruises. When appellant received the swat, he did not scream, cry, or tell Zamora or Lockett that he was in pain or hurt. He was unable to provide any evidence that he was in great pain, that he had trouble sitting or walking, or that he had any scarring from the single swat Zamora administered. Appellant failed to establish any permanent incapacity or disfigurement, temporary substantial incapacity, tempo-

rary serious disfigurement, substantial suffering, or a substantial risk of death as required by R.C. 2901.01(E). The corporal punishment administered by Zamora was minimal, not excessive, and not administered in a cruel manner. A single swat with a paddle does not constitute a substantial risk of serious physical harm. *Clark v. Clark* (1996), 114 Ohio App.3d 558, 562, 683 N.E.2d 800, 802–803. Additionally, appellant has not provided sufficient evidence to establish extreme emotional distress. Therefore, no genuine issues of fact exist about whether the administration of corporal punishment was reasonable; Zamora's single swat was reasonable under R.C. 3319.41(E).

Finally, appellant contends that a factual dispute exists regarding whether punishment was warranted, or necessary, under the facts leading to the paddling. We find appellant's contention unpersuasive. Appellant argues that he referred to reading as being "stupid" and was not opining on Zamora's intelligence. Appellant contends that such a statement is not sufficient to require the administration of corporal punishment. Appellant further asserts that the whole incident was an overreaction by Zamora.

We find that Zamora's administration of corporal punishment in accordance with the school's policy was justified based on his belief that appellant referred to him as "stupid." The school's policy is that corporal punishment may be administered for the violation of any of the school's rules and regulations and for disobedience to any school employee. The punishment was not utilized solely for the infliction of pain upon appellant. In light of appellant's disrespectful behavior towards Zamora, one paddle was proper pursuant to the guideline provided by the school's policy and pursuant to Ohio law. Therefore, we find that no genuine issue of material fact exists regarding whether the punishment was reasonably necessary.

Based on Civ.R. 56, we have viewed the record in the light most favorable to appellant, and we conclude that summary judgment is appropriate because there are no material issues of fact in dispute regarding whether the school had permission to use corporal punishment, whether the punishment was administered in a reasonable way with expected injuries, or whether the punishment was warranted under the facts leading to the paddling. Appellees, therefore, are entitled to judgment as a matter of law and reasonable minds could come to but one conclusion—Zamora's actions were reasonable and warranted under the school's policy as well as under Ohio law.

Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

LAZARUS and PEGGY BRYANT, JJ., concur.