**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 7, 2021**

# In the Court of Appeals of Georgia

A21A0949. ESPINOSA-HERRERA v. THE STATE.

RICKMAN, Chief Judge.

Joana Espinosa-Herrera was tried by a jury and convicted of family violence aggravated assault, first degree cruelty to children, family violence battery, and third degree cruelty to children. On appeal, she contends that the evidence was insufficient to support her convictions because the State failed to prove aggravated assault beyond a reasonable doubt and failed to disprove her affirmative defense of justification. For reasons that follow, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence presented at trial showed that in December 2016, Espinosa-Herrera was a single mother to two children, A. R., age 10, and S. R., age 6. She was divorced from the children's father

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

and had primary custody of the children. On December 12, 2016, Espinosa-Herrera and her children overslept and the children missed the school bus. Espinosa-Herrera told the children to get ready for school and asked A. R. to fold the blanket on his bed. When A. R. failed to comply with her request, she hit him in the head with her fist. According to A. R., his mother was angry that they had missed the bus and that he was not doing what she had asked. She continued to hit him until he fell to the floor, at which point she began kicking him.[2] S. R. was present and saw her mother hit A. R. that morning.

Espinosa-Herrera then took the children to school and returned home. Later that day, the children's step-mother came to school to have lunch with them. She first had lunch with S. R., who told her that Espinosa-Herrera had hit A. R. when he did not do what she wanted him to do quickly enough. During his lunch, A. R. said that his mother had punched him in the face and kicked him in the head that morning. The step-mother observed a bruise on A. R.'s face, a red mark across his forehead, and a

---

[2] Espinosa-Herrera's version of the morning's events was somewhat different. She testified that when she asked A. R. to get ready for school and pick up his things, he refused, called her multiple profane names, and pushed her. She admitted that she hit A. R. multiple times with her hands and feet but claimed physical punishment was necessary because A. R. was being rebellious and disrespectful.

bump on the top of his head. A. R. said that the bump was painful and complained of a headache. The step-mother photographed A. R.'s injuries, contacted the children's father and explained what had happened, and reported the incident to the school counselor.

The counselor subsequently called A. R. to her office and observed marks on his face that he said his mother had caused. She then made a referral to the Forsyth County Department of Family and Children Services (DFACS). At the end of the school day, a DFACS investigator interviewed A. R. and he told her that his mother had hit him with a closed fist in his face and on his head and had pushed him down and kicked him repeatedly. The investigator observed a red mark across A. R.'s forehead, a mark under his eye, and a bump on his head. The investigator also interviewed S. R., who said that her mother had kicked A. R. that morning while he was on the floor. The mother was interviewed next, and she told the investigator that she had hit A. R. one time with an open hand on his face and one time with a closed fist on the head. After the interviews, the investigator determined that the children could not go home with their mother and set up a safety plan that allowed the children to go home with their father and step-mother.

While waiting for the interviews to be completed, A. R. became nauseous, threw up a few times, and complained of a headache. His father took him to the hospital where a pediatric emergency room physician observed bruising to his face and head and diagnosed him with a concussion.

The next day, the school resource officer for A. R.'s school interviewed Espinosa-Herrera at the Forsyth County Sheriff's Office. After reading Espinosa-Herrera her *Miranda*[3] rights, the officer asked her about the previous day's events. Espinosa-Herrera told him that A. R. was resisting getting ready for school because he had stayed up all night watching television and that he used profanity and hit her. She admitted that she struck him in the head when he was on the floor and kicked him one time, but was not sure where she kicked him.

In addition to the incident at issue, the State presented evidence of a 2014 incident where A. R.'s teacher referred him to the school counselor because of a large red mark on his face. A. R. told the counselor that his mother had hit his face with her fist because he was unable to pick up a large number of shoes and take them upstairs in one trip as she had requested. A. R. also spoke to the school resource officer and a DFACS investigator about that incident. The DFACS investigator went to the home,

---

[3] *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602; 16 LEd2d 694) (1966).

4

spoke to Espinosa-Herrera, and had her sign a safety plan that stated she would not use corporal punishment that would leave marks or bruises on her children.

The jury found Espinosa-Herrera guilty of family violence aggravated assault, first degree cruelty to children, family violence battery, and third degree cruelty to children. Espinosa-Herrera subsequently filed a motion for new trial, which the trial court denied.

Espinosa-Herrera contends that the evidence was insufficient to support her convictions because the State failed to prove aggravated assault beyond a reasonable doubt and failed to disprove her affirmative defense of justification beyond a reasonable doubt. We find no merit in either contention.

With respect to the proof of aggravated assault,[4] Espinosa-Herrera argues that A. R.'s description of the contact changed with each interview, that A. R. was known to lie, and that A. R.'s injuries could have been caused by letting himself slip to the floor and not by any direct slap with an open hand. We are not, however, charged with resolving any inconsistencies in A. R.'s testimony because "[t]he credibility of

---

[4] A person commits the offense of aggravated assault when she assaults "[w]ith any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2); see OCGA § 16-5-21 (i) (outlining the sentencing enhancement applicable to an aggravated assault between parents and children).

5

witnesses and the weight to be given their testimony are questions for the trier of fact, and we do not determine or question how the jury resolved any conflicts in the evidence." (Citation and punctuation omitted.) *Jones v. State*, 294 Ga. App. 564, 566 (1) (669 SE2d 505) (2008); see also *Moore v. State*, 356 Ga. App. 752, 754 (1) (a) (848 SE2d 910) (2020) ("A jury in arriving at a conclusion upon disputed issues of fact may believe part of the testimony of a witness or witnesses, and reject another part.") (citation and punctuation omitted). As for the cause of A. R.'s injuries, Espinosa-Herrera fails to mention the evidence that she both punched A. R. in the head with her fist and kicked him in the head. In addition, the State was required to prove only that the way in which Espinosa-Herrera used her hands and feet against A. R. was likely to result in serious bodily injury, not that it actually caused such injury.[5] See OCGA § 16-5-21 (a) (2); see also *Watson v. State*, 301 Ga. App. 824, 826 (689 SE2d 104) (2009). We conclude that the evidence was sufficient to authorize a

---

[5] The indictment charged Espinosa-Herrera with assaulting A. R. "with her hands and feet, objects when used offensively against a person are likely to result in serious bodily injury and did result in serious bodily injury." "When an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. It is sufficient for the State to show that a crime was committed in any one of the separate ways listed in the indictment . . . ." (Citation and punctuation omitted.) *Carrell v. State*, 261 Ga. App. 485, 486 (1) (583 SE2d 167) (2003).

rational trier of fact to find Espinosa-Herrera guilty of aggravated assault beyond a reasonable doubt. See *Jones*, 294 Ga. App. at 566 (1).

Espinosa-Herrera also contends that the evidence was insufficient to support her convictions because the State failed to disprove her affirmative defense of justification beyond a reasonable doubt.[6] She argues that her actions were justified as the reasonable discipline of a minor by his parent.

Although a parent may apply some force to a child as a disciplinary measure without violating the law, the application of such force must be reasonable. See *Tabb v. State*, 313 Ga. App. 852, 857 (2) (723 SE2d 295) (2012) ("[A]pplied force is legally justified only when a parent's conduct in disciplining a minor is reasonable.") (citation and punctuation omitted); see also OCGA § 16-3-20 (3) ("The defense of justification can be claimed . . . [w]hen the persons' conduct is the reasonable discipline of a minor by his parent."). And "whether the force as applied was an act of reasonable exercise of discipline are questions particularly within the province of the trier of fact." *LaPann v. State*, 191 Ga. App. 499, 500 (382 SE2d 200) (1989).

---

[6] Once Espinosa-Herrera raised the affirmative defense of justification and testified to the same, the State then bore the burden of disproving that defense beyond a reasonable doubt. See *Agyemang v. State*, 334 Ga. App. 137, 138-139 (1) (778 SE2d 387) (2015).

Here, the jury was authorized to conclude from the evidence that the manner in which Espinosa-Herrera struck A. R. did not amount to reasonable discipline of the child and that her actions were therefore not justified. See id. Compare *Buchheit v. Stinson*, 260 Ga. App. 450, 455 (2) (579 SE2d 853) (2003) (physical precedent only) (no evidence that parent's action of slapping her child in response to child's disrespectful behavior fell outside the bounds of permissible "reasonable discipline" in case involving challenge to protective order based on alleged family violence).

*Judgment affirmed. McFadden, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*